**In re Theodore Steven ROOSEVELT, Debtor.**

**FINALCO, INC., Appellant,**

**v.**

**Theodore Steven ROOSEVELT, Appellee.**

**No. 95–55160.**

United States Court of Appeals, Ninth Circuit.

Oct. 23, 1996.

Before: HALL, O'SCANNLAIN and KLEINFELD, Circuit Judges.

The opinion filed on June 10, 1996, appearing at 87 F.3d 311 (9th Cir.1996), is amended as follows:

Page 313, column one, penultimate line: delete "all of"; last line: delete "community" column two, paragraph 1, line 2: change "be" to "become", delete "transmuted into" line 3: delete "Bankruptcy Appellate Panel" and insert "trial court" line 6: add a new sentence reading "Steven has not appealed that finding."

Page 314, column one, footnote 3, lines 3 & 4: delete "community property" and insert "separate property of one spouse"; change "either" to "the other"; line 5: change "(a)" to "(c)" column two, line 16: change "community" to "separate" line 33: insert a period between "property" and the closing quotation mark; delete "or 'community property.'"

Page 315, column two, line 1: change "denied" to "granted"

Page 318, column two, first paragraph, line 6: after "discharged." insert "Steven's argument neglects to mention, however, that this rule of construction is usually only applied in favor of honest debtors. *See Grogan v. Garner,* 498 U.S. 279, 286–87, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755 (1991). At the same time, it is not entirely clear how this general rule applies to a provision, like § 727(a)(2), that necessarily gives a fresh start to some dishonest debtors. As a result, the rule is of little help in construing this statute one way or the

other." Then begin a new paragraph with "Stephen also points out...."

At the end of the new second paragraph, insert a new sentence: "We do not find this argument terribly persuasive."

Page 318, column two, paragraph 2 (new paragraph 3) line 1: delete "While we are not terribly moved by Steven's second argument" and insert "Nonetheless, as argued above"

Page 319, column one, paragraph 3, line 16: change "community" to "his separate"

With this amendment, the panel has voted to deny appellant's petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.

The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.